Bao Sheng XU, Petitioner,

v.

UNITED STATES ATTORNEY GENERAL, Respondent.

No. 04–0019–AG.

United States Court of Appeals, Second Circuit.

Dec. 2, 2005.

Gang Zhou, New York, New York, for Petitioner.

Samantha S. Spangler, Assistant United States Attorney (McGregor W. Scott, United States Attorney for the Eastern District of California), Sacramento, California, for Respondent.

Present: MINER, SACK, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby DENIED.

Bao Sheng Xu, through counsel, petitions for review of the BIA decision denying his claims for asylum, withholding of

removal, and relief under the Convention Against Torture (CAT). We assume the parties' familiarity with the underlying facts and procedural history.

Xu does not challenge the denial of his withholding of removal and CAT claims before this Court. Therefore, they are waived. *See* 8 U.S.C. § 1252(d)(1); *see also Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005). Xu challenges only the IJ's finding that he did not prove a well-founded fear of persecution, rather than the IJ's finding that Xu did not suffer any past persecution.

This Court reviews the IJ decision where, as here, the BIA summarily adopted or affirmed the IJ decision. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005). This Court reviews an IJ's factual findings under the substantial evidence standard, and as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

Regardless of whether the IJ's adverse credibility finding is supported by the record in this case, we affirm the IJ's finding that Xu failed to prove that he had a well-founded fear of persecution on account of imputed participation in Falun Gong activities.

The IJ's opinion assumed that Xu subjectively feared returning to China, but the IJ questioned whether that fear was objectively reasonable. Xu essentially argued that the Chinese government would persecute him if he returned to China because his mother practiced Falun Gong. However, the IJ correctly determined that Xu failed to show that there was a reasonable likelihood that the government would impute his mother's practicing of Falun Gong to him. Although one need not have practiced Falun Gong to be eligible for asylum,

*see Gao v. Gonzales,* 424 F.3d 122, 129 (2d Cir.2005), Xu never openly supported or advocated Falun Gong activities. Without any public support of the Falun Gong movement by Xu, it is unclear why Xu thought the government would harm him because his mother practiced Falun Gong. Xu did not provide any evidence that the government thought he practiced Falun Gong or that he supported the Falun Gong movement.

Accordingly, the petition for review is denied, and the BIA order is affirmed.